United States District Court
Southern District of Texas

**ENTERED**

March 10, 2020

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN ABIMAEL OCHOA-CASTILLO, | § § § | |
| Plaintiff. | § § | |
| VS. | § § | CIVIL ACTION NO. 4:19–CV–00878 |
| WALLACE L. CARROLL ET AL., | § § | |
| Defendants. | § § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is Defendants' Motion to Dismiss. *See* Dkt. 17. After reviewing the motion, the response, and applicable law, I recommend that Defendants' Motion to Dismiss be **GRANTED**.

## BACKGROUND[1]

Kevin Abimael Ochoa-Castillo ("Ochoa-Castillo") was born on March 30, 1998, in Honduras. His father abandoned him when he was five years old and has not supported him since that time. For the first 17 years of his life, Ochoa-Castillo lived with his mother in his native country of Honduras. In July 2015, after receiving death threats from violent gangs, Ochoa-Castillo and his mother sought refuge in the United States.

---

[1] The facts in this section are taken from Plaintiff's Second Amended Complaint for Writ in the Nature of Mandamus; and, for Declaratory Judgment ("Second Amended Complaint"). At this stage in the proceedings, I must accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, PLLC*, 948 F.3d 673, 675 (5th Cir. 2020) (quotation marks and citation omitted).

On February 1, 2016, Ochoa-Castillo sought declaratory relief in state court in Harris County, Texas.  On March 23, 2016, one week prior to Ochoa-Castillo turning 18 years old, the 313th Judicial District Court of Harris County, Texas, issued a Final Order for Declaratory Relief.  It stated, in pertinent part:

> d.    The Court further finds that the child has been abused, abandoned and/or neglected by his father, . . .
>
> e.    The Court finds that the child is a dependent of the court in that there is no parent able to care for him in his home country of Honduras.
>
> f.    The Court finds that reunification with [the Petitioner's] father . . .is not viable due to abuse, abandonment or neglect or a similar basis found under Texas law.
>
> g.    The Court further finds that it is not in the child's best interest to be returned to his previous country of nationality, and country of last habitual residence, Honduras.

Dkt. 17-2 at 4.

Soon after Ochoa-Castillo received the state court order, he filed a Special Immigrant Juvenile ("SIJ") status petition with the United States Customs and Immigration Services ("USCIS").  To understand why he did this, I need to go back 30 years.

The Immigration and Nationality Act of 1990 provided important long-term immigration relief to children who were illegally present in the United States and who had been abused, neglected, or abandoned by their parents.  *See Budhathoki v. Nielsen*, 898 F.3d 504, 508 (5th Cir. 2018).  It did this through the creation of a SIJ classification.  Under the law, SIJ status permits certain non-citizen children to become lawful permanent residents and, eventually, citizens of the United States.  *See id.*

To obtain SIJ status, a juvenile must complete a two-step process.  First, the juvenile

must obtain an order from a juvenile court containing certain factual findings.  The state court order must:

- state that the petitioner is unmarried and under 21 years old;

- issue a dependency order – that is, (i) declare the juvenile dependent upon the juvenile court; (ii) place the juvenile into state custody; or (iii) place the juvenile into the custody an individual or entity;

- find that reunification with one or both parents is not viable due to abuse, abandonment, neglect, or some other similar basis found in state law;

- reflect that the state court has jurisdiction under state law to make judicial determinations about the custody and care of juveniles; and

- conclude that it would not be in the juvenile's best interest to be sent back to his native country.

8 U.S.C. § 1101(a)(27)(J); 8 C.F.R. § 204.11(a), (c), (d).  Relevant here, the Fifth Circuit recently explored the requirement that the state court order declare the juvenile dependent upon the juvenile court.  *See Budhathoki*, 898 F.3d at 513.  Because "'dependency' for SIJ status purposes has a specific federal meaning," it is not sufficient for the state court order to merely indicate in its order that the juvenile is "dependent" upon the state court.  *Id.* at 517.  The Fifth Circuit held that "dependent" for purposes of SIJ classification requires a state court to do more than impose a financial obligation on parents; the state court ruling "must in some way address custody or at least supervision" to constitute a dependency order for SIJ purposes.  *Id.* at 513.

Second, the juvenile must submit an application, including the predicate state order, to the USCIS, demonstrating the juvenile's statutory eligibility.  The USCIS is charged with the responsibility of reviewing the state court order and determining if the juvenile

meets the requirements for SIJ classification.  *See id*. at 511 ("Whether a state court order submitted to a federal agency for the purpose of gaining a federal benefit made the necessary rulings very much is a question of federal law, not state law, and the agency had authority to examine the orders for that purpose.").  At this second stage, the juvenile bears the burden of establishing eligibility.  *See* 8 U.S.C. § 1361.  To summarize the two-step process, "a state court must make initial determinations, and the USCIS then considers if they match the requirements for SIJ status." *Budhathoki*, 898 F.3d at 509.

In this case, Ochoa-Castillo took the state court order and submitted it, along with an application, to the USCIS in an effort to gain SIJ status.  On March 19, 2018, the USCIS denied the petition.  Ochoa-Castillo appealed the decision to the USCIS's Administrative Appeals Office ("AAO"), and on November 28, 2018, the AAO dismissed Ochoa-Castillo's appeal.  In dismissing the appeal, the AAO held that the state court's "declaratory judgment does not contain a qualifying juvenile dependency declaration of child custody placement, as section 101(a)(27)(J)(i) of the Act requires." Dkt. 17-2 at 4.  The AAO noted that while the state court order declared that Ochoa-Castillo was dependent on the court, "adding the word 'dependent' to the order does not overcome the deficiency because 'dependency' for SIJ purposes has a specific federal meaning." *Id.* at 5.  The AAO noted that "before a state court ruling constitutes a dependency order, it must in some way address custody or at least supervision." *Id.* (quoting *Budhathoki*, 898 F.3d at 513).  The AAO further observed that "[t]he record does not show that the [state] district court made any determination regarding [Ochoa-Castillo's] custody under any provisions of Texas law governing dependency or child custody.*" Id*.

On March 11, 2019, Ochoa-Castillo initiated this lawsuit against several government officials.  The current government officials included as defendants in this case are Wallace L. Carroll, the USCIS Field Office Director; Kenneth T. Cuccinelli, the USCIS Acting Director; Kevin McAleenan, Acting Secretary of the Department of Homeland Security; and William Barr, Attorney General of the United States.  Ochoa-Castillo's Second Amended Complaint seeks a declaration that Defendants' denial of Ochoa-Castillo's SIJ application should be set aside because it was based on a rule that did not comport with the Administrative Procedures Act, or alternatively, is arbitrary and capricious, clearly contrary to law, and an abuse of discretion.  Ochoa-Castillo also asks for a declaration that USCIS's policy manual is invalid for its failure to comply with the notice and comment requirements of the Administrative Procedures Act.

## LEGAL STANDARD

To survive dismissal under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet this facial plausibility standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Allegations that are "merely consistent with" liability "stop[] short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  "Nor does a complaint suffice

if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at

678 (internal quotation marks, brackets, and citation omitted).

## ANALYSIS

As an initial matter, Ochoa-Castillo readily acknowledges that, notwithstanding the

Texas state court's declaration of dependency, such a finding is insufficient under

*Budhathoki* to support SIJ classification because the state court order did not address

custody or supervision.  In short, Ochoa-Castillo admits that he did not meet his burden to

introduce sufficient evidence establishing SIJ classification.  Important to this case, the

USCIS did exactly what it is supposed to do, "exercis[ing] some diligence in its

examination of state court orders offered in support of SIJ status."  *Budhathoki*, 898 F.3d

at 513.  In a valiant effort to make an end-run around the Fifth Circuit's *Budhathoki*

holding, Ochoa-Castillo asserts several arguments.  Although they are creative, I do not

find his arguments remotely convincing.

First, Ochoa-Castillo complains that, at the time he filed his SIJ application, "it was

impossible to discern what the burden of proof was to meet eligibility for [SIJ] status."

Dkt. 20 at 8.  What Ochoa-Castillo apparently means by this is that he (and his counsel)

had no reason to know prior to the *Budhathoki* case that the state court predicate order had

to address custody or supervision to constitute a dependency order that would allow Ochoa-

Castillo to obtain SIJ classification.  Granted, *Budhathoki* represents the first time that the

Fifth Circuit expressly held that "before a state court ruling constitutes a dependency order

[under the Immigration and Nationality Act of 1990], it must in some way address custody

or at least supervision."  *Budhathoki*, 898 F.3d at 513.  But that does not mean that the

statute somehow had a different meaning, or should be interpreted differently, for those cases in the pipeline prior to the Fifth Circuit's decision.  As noted above, the Fifth Circuit in *Budhathoki* explained that "'dependency' for SIJ purposes has a specific federal meaning.  Merely saying, now, that the order was one declaring dependency does not address that problem." *Id.* at 517.  I must apply these principles to this case—irrespective of whether Ochoa-Castillo submitted his SIJ petition to the USCIS before or after the Fifth Circuit's 2018 *Budhathoki* decision.  Not surprisingly, applying this binding precedent here necessarily results in a finding that the predicate order, which made no mention of custody or supervision, is insufficient as a legal matter to support SIJ classification.

Next, Ochoa-Castillo asserts that the USCIS Policy Manual is somehow to be blamed for his failure to obtain SIJ status.  In making this argument, Ochoa-Castillo claims that the Policy Manual is a substantive agency rule that must go through the notice and comment procedures established by the APA.[2]  The Policy Manual "is the agency's centralized online repository for USCIS's immigration policies."  U.S. CITIZEN AND

---

[2] It is true that "[t]he APA obligates agencies to subject their substantive rules to notice and comment." *W&T Offshore, Inc. v. Bernhardt*, 946 F.3d 227, 237 (5th Cir. 2019) (citing 5 U.S.C. § 553).  A "rule" is "an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy." 5 U.S.C. § 551(4).  "Substantive rules are those which create law, usually implementary to an existing law.  They typically grant rights, impose obligations, or produce other significant effects on private interests." *Bernhardt*, 946 F.3d at 237 (internal quotation marks and citations omitted).  Substantive rules issued by an administrative agency that did not go through the notice and comment process are invalid.  *See Mercy Hosp. of Lardeo v. Heckler*, 777 F.2d 1028, 1032 (5th Cir. 1985).  In sharp contrast to a substantive rule, a general statement of policy does not establish a binding norm, nor does it impose any rights and obligations. *See Prof'ls and Patients for Customized Care v. Shalala*, 56 F.3d 592, 596 (5th Cir. 1995).  The APA's formal rulemaking procedures do not apply to "interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice." 5 U.S.C. § 553(b)(3)(A).

7

IMMIGRATION SERV., POLICY MANUAL, "About the Policy Manual," 2014 WL 10102392.

Because the Policy Manual did not proceed through the notice and comment process,

Ochoa-Castillo's position is that the Policy Manual is invalid.

Ochoa-Castillo's argument fails on multiple levels.  For starters, as pointed out by

Defendants, nowhere in the Second Amended Complaint is there any explanation of how

the Policy Manual affected the adjudication of Ochoa-Castillo's SIJ application.  Ochoa-

Castillo does not point to a single provision of the Policy Manual that the USCIS

improperly relied on in order to deny him SIJ status.  All the Second Amended Complaint

contains are incredibly broad assertions that the Policy Manual contains substantive rules.

Notably absent are any specifics or any claim that the USCIS applied those alleged

substantive rules to Ochoa-Castillo.[3]

Additionally, and arguably most importantly, the reason the USCIS provided for

denying Ochoa-Castillo's SIJ application is completely unrelated to the Policy Manual.  As

---

[3] Federal courts must raise issues of Article III standing *sua sponte*, as standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  To the extent Ochoa-Castillo seeks a blanket declaration that the USCIS Policy Manual is invalid for a failure to comply with the notice and comment process, I conclude that Ochoa-Castillo has no standing to bring such a claim because he has made no concrete allegations that he has actually been injured as a result of the implementation of the USCIS Policy Manual. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (The doctrine of standing requires that the Court satisfy itself that "the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction.") (internal quotation marks and citation omitted); *Lujan*, 504 U.S. at 560–61 (To establish standing, a plaintiff must demonstrate the "irreducible constitutional minimum of standing," which is informed by three essential elements: (1) that they personally suffered some actual or threatened "injury in fact" (2) that is "fairly traceable" to the challenged action of the defendants; (3) that likely "would be redressed" by a favorable decision in court.).

discussed above, the USCIS denied Ochoa-Castillo's SIJ application because "the record lacks evidence that the [state] district court made any ruling on [Ochoa-Castillo's] custody in the declaratory judgment or any other related child welfare proceeding."  Dkt. 17-2 at 5–6.  The source of this requirement is not the Policy Manual, but rather the Fifth Circuit's *Budhathoki* decision which, in turn, relied on the underlying federal statute, Texas law, and "guidance from the agency in interpreting the language from a prior version of the statute." *Budhathoki*, 898 F.3d at 513.  Thus, Ochoa-Castillo's real beef is not with the Policy Manual or its description of USCIS's policies and procedures, but rather with the Fifth Circuit's holding in *Budhathoki*.  Unfortunately for Ochoa-Castillo, I am "bound to follow binding circuit precedent until the Fifth Circuit or the Supreme Court says otherwise." *Crankshaw v. City of Elgin*, No. 1-18-CV-75-RP, 2020 WL 889169, at *5 (W.D. Tex. Feb. 24, 2020).  As a result, I find that Ochoa-Castillo has failed to assert a claim under the APA's notice and comment provisions that can survive a motion to dismiss.

Ochoa-Castillo also claims that the USCIS's denial of his SIJ petition was arbitrary and capricious.  The APA mandates that district courts set aside agency action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  "Agency action is arbitrary and capricious 'when it is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" *Budhathoki*, 898 F.3d at 516 (quoting *Wilson v. U.S. Dep't of Agric.*, 991 F.2d 1211, 1215 (5th Cir. 1993)).  In *Budhathoki*, the juvenile SIJ applicant raised the same arbitrary and capricious argument that Ochoa-Castillo brings here, and the Fifth Circuit flatly rejected the claim.  *See id.*  There is no reason the result in this case should be any different.  In a

last-ditch effort to show arbitrary and capricious action, Ochoa-Castillo points out that the USCIS previously granted many SIJ applications where the state court order simply recited that the juvenile was "dependent" upon the state court.  This argument is unavailing since the USCIS "is not required to approve applications or petitions where eligibility has not been demonstrated, merely because of prior approvals which may have been erroneous." *Matter of Church Scientology Int'l*, 19 I. & N. Dec. 593, 597, 1988 WL 235446, at *4 (1988).  *See also Hakimuddin v. Dep't of Homeland Sec.*, No. 4:08-CV-1261, 2009 WL 497141, at *6 (S.D. Tex. Feb. 26, 2009) (The USCIS "is not required to approve an application on the basis of a prior erroneous approval where eligibility is not demonstrated.").  Stated simply, the USCIS's actions were not arbitrary or capricious. Following its statutory authority, the USCIS reasonably denied Ochoa-Castillo's SIJ application because he did not include a sufficient dependency order issued by a juvenile court.

Finally, Ochoa-Castillo argues that the Supreme Court's recent decision in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019) provides a basis to question the holding in *Budhathoki*.  In *Kisor*, the Supreme Court held that "*Auer* deference"—the deference courts will give "to agencies' reasonable readings of genuinely ambiguous regulations"—was "cabined in its scope" in "varied and critical ways."  *Id.* at 2408, 2418.  To be blunt, I am not sure why Ochoa-Castillo thinks that the *Kisor* decision remotely impacts the Fifth Circuit's holding in *Budhathoki*.  The Fifth Circuit never referenced the *Auer* deference concept in its opinion, and the *Budhathoki* case did not involve an ambiguous statutory provision or regulation.  If the Fifth Circuit wants to revisit its *Budhathoki* opinion, it is certainly entitled

to do so.  I am not, however, going to upset settled law, especially when I find no conceivable basis by which to do so.

## CONCLUSION

After reviewing the Second Amended Complaint and the documents referenced in that pleading, I conclude that the facts alleged by Ochoa-Castillo fail to establish a plausible claim entitling him to the declaratory relief he seeks in this lawsuit.  I, therefore, **RECOMMEND** that Defendants' Motion to Dismiss be **GRANTED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED in Houston, Texas, this 10th day of March, 2020.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE